■ In the Matter of WILLIAM C. EMERSON et al., Petitioners, v. BOARD OF STANDARDS AND APPEALS et al., Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Standards and Appeals in the State Labor Department sustaining the validity of an order of the Industrial Commissioner which directed petitioners to comply with a minimum wage order applicable to the hotel industry. The validity of the wage order as originally promulgated had previously been sustained upon judicial review. (*Matter of Wells Plaza Corp.* [*Industrial Comr.*], 10 A D 2d 209, affd. 8 N Y 2d 975.) The corporate petitioner is one of the 85 hotel owners or operators who in *Wells Plaza* litigated the validity of the minimum wage order and we are told that all but petitioner have now complied with it. Our decision in *Wells Plaza* was rendered March 28, 1960 and an order was entered thereon April 19, 1960. On April 18, 1960, chapter 619 of the Laws of 1960 became effective. This chapter repealed article 19 of the Labor Law, pursuant to which the minimum wage order had been made, and enacted a new article 19, which, however, and insofar as the questions involved in this case are concerned, was essentially a re-enactment of the prior article, except that a statutory minimum wage was for the first time established and except as the procedures governing wage hearings and determinations were accelerated. In this proceeding, petitioners contend that the repeal and re-enactment effected by chapter 619 " nullified the effectiveness " of the minimum wage order as to wages prior to April 18, 1960. It seems to us quite clear, however, that the legislative act itself completely negates this contention, the original enactment providing: " Existing wage orders. The minimum wage orders issued prior to the effective date of this article shall remain in full force and effect, except as modified in accordance with the provisions of this article." (Labor Law, § 652, subd. 2, as enacted by L. 1960, ch. 619, § 2.) The wage order here questioned was " issued " prior to the effective date of the new article 19 and although its *enforcement* had been automatically stayed upon commencement of the review proceeding (Labor Law, § 110, subd. 2) it was not, of course, extinguished, and when sustained upon appeal its " force and effect " remained as of the date of its promulgation. This conclusion renders unnecessary any discussion of the secondary contentions urged by petitioners; and in view of the clear language of the saving clause as above quoted, the rules of construction discussed by the parties need not be applied. Determination unanimously confirmed, with $50 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.